## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMRO ELANSARI, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 19-3006 |
| | : | |
| JAGEX INC., *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                  **July 15, 2019**

Amro Elansari sues a video gaming company located in the United Kingdom for allegedly "muting" him from playing his game. He *pro se* alleges the video gaming company deprived him of due process, free speech and human rights. He filed a Complaint using the Court's preprinted form asserting claims against four Defendants but only alleges conduct by Jagex, Inc. He also moves for leave to proceed *in forma pauperis*. We grant Mr. Elansari leave to proceed *in forma pauperis* but dismiss his Complaint under 28 U.S.C. § 1915(e)(2)(B)(ii).

Mr. Elansari asserts we enjoy both federal question and diversity subject matter jurisdiction. He only alleges constitutional claims. He cannot state a constitutional claim against a private gaming company precluding him for amending to assert a federal question. As he does not assert a state law claim, we dismiss the case without prejudice for him to allege a potential state law claim against parties who may have diverse citizenship.

**I.      Alleged *pro se* facts**

Defendant Jagex Inc. "operates public game open to public — free + membership."[1] Although his allegations are far from clear, Mr. Elansari alleges Jagex Inc. bans a player violating the rules of the game.[2] He alleges Jagex Inc. "muted" him without explaining why and then denied

his appeal of the decision without reasons.[3] He sues Jagex Inc. for violating his rights to due process, free speech and human rights.[4] Although Mr. Elansari also named Shanghai Hongtou, Network Technology Co., Ltd, Shanghai Fukong, and Interactive Entertainment Co., Ltd., he makes no substantive allegation concerning these Defendants.

## II. Analysis

We grant Mr. Elansari leave to proceed *in forma pauperis* as he is incapable of paying the fee to commence the civil action. Under 28 U.S.C. § 1915(e)(2)(B)(ii) we must dismiss his Complaint if he fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6),[5] which requires we determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[6] Conclusory allegations do not suffice.[7] As Mr. Elansari is proceeding *pro se*, we construe his allegations liberally.[8]

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." We may *sua sponte* dismiss a complaint not complying with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."[9] Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue."[10]

To the extent Mr. Elansari seeks to assert federal constitutional claims against the Defendants based upon his being "muted" from his game, his claims are implausible. He makes no substantive allegations about how Shanghai Hongtou, Network Technology Co., Ltd, Shanghai Fukong, and Interactive Entertainment Co., Ltd. muted him from his game. While he alleges Jagex Inc., an entity located in the United Kingdom, muted him and denied his appeal, these allegations

cannot state a plausible constitutional claim. The First Amendment and its constitutional free speech guarantees restrict government actors, not private entities.[11] Defendants, who are not alleged to be state actors, are not subject to constitutional free speech guarantees.[12] The Fifth Amendment's Due Process Clause "appl[ies] to and restrict[s] only the Federal Government and not private persons," and does not act against a private company.[13] Mr. Elansari also fails to allege these private entities acted in concert with a state actor to violate his rights.

Mr. Elansari does not allege a state law claim. But he may be able to in a proper forum.

## III. Conclusion

We dismiss Mr. Elansari's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state plausible claims. As it appears an amendment to assert a federal question is futile, the dismissal is with prejudice as to a federal question but without prejudice to possibly timely pursue state law claims in a court exercising personal jurisdiction over the United Kingdom defendant.

---

[1] ECF No. 2 at 6. We adopt the pagination supplied by the CM/ECF docketing system.

[2] *Id.*

[3] *Id.*

[4] *Id.* at 7.

[5] *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

[7] *Id.*

[8] *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

[9] *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted).

[10] *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

[11] *Pub. Util. Comm. Of D.C. v. Pollack*, 343 U.S. 451, 461 (1952) ("The [First Amendment] concededly appl[ies] to and restrict[s] only the Federal Government and not private persons").

[12] *See e.g., Green v. America Online*, 318 F.3d 465 (3d Cir. 2003) (private, for profit companies are not subject to constitutional free speech guarantees); *Howard v. America Online*, 208 F.3d 741, 754 (9th Cir. 2000); *Noah v. AOL Time Warner, Inc.*, 261 F. Supp. 2d 532, 546 (E.D. Va. 2003).

[13] *See Pollak*, 343 U.S. at 461.